```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                    NORTHERN DISTRICT OF NEW YORK
                                          :
JAMES WILLIAM HUBEL,                      :
     Appellants,                          :
                                          :
     v.                                   :   Docket No. 1:06-CV-361
                                          :
UNITED STATES TRUSTEE,                    :
     Appellee.                            :
                                          :
```

**OPINION AND ORDER**

James William Hubel brings this appeal from Bankruptcy Judge Robert E. Littlefield's Letter Decision and Order dated January 3, 2006. Hubel originally sought to file his Chapter 7 petition on October 11, 2005, six days before the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "2005 Act") came into force. However, the Bankruptcy Court found that Hubel's petition was incomplete at that time, that the petition was not completed until October 24, 2005, and that Hubel was barred from Chapter 7 relief under three separate provisions of the 2005 Act. In his appeal, Hubel contends that the Bankruptcy Court erred in finding his application incomplete on October 11, 2005 and that he should have been allowed to proceed with his petition *in forma pauperis*. Upon consideration of the matter, the Court AFFIRMS the Bankruptcy Court's Order for the following reasons.

The decisive issue in this case is whether Hubel was

entitled to proceed with his Chapter 7 petition *in forma pauperis* under the law as it existed prior to October 17, 2005.  The record indicates that when Hubel filed his original application, he submitted a Form A0240 pursuant to 28 U.S.C. § 1915, seeking a waiver of the filing fee.  Although Hubel is correct in asserting that this form is generally appropriate in both civil and criminal actions, there is a broader obstacle to the relief he seeks, namely that Congress had explicitly barred the courts from waiving a debtor's Chapter 7 filing fees.  Prior to the 2005 Act, 28 U.S.C. § 1930, the provision establishing bankruptcy filing fees, stated that the filing fees were mandated "[n]otwithstanding 28 U.S.C. § 1915."  This language was stricken as part of the 2005 Act and a new subsection was added explicitly granting bankruptcy courts the authority to waive filing fees based on indigence.  *See* 28 U.S.C. § 1930(f).  Nonetheless, as of October 11, 2005, the Bankruptcy Court lacked statutory authority to waive Hubel's filing fees, and his application was thus incomplete.

    Hubel argues in his brief that he was entitled to a waiver based on constitutional grounds and case law.  Hubel's Equal Protection arguments were appropriately considered and dismissed by Judge Littlefield.  Most notably, Hubel's constitutional arguments and the decades-old circuit court cases he cites in support have been definitively rejected by the Supreme Court.

*See In re Kras*, 409 U.S. 434 (1973).  In *Kras*, the Court held that there is "no constitutional right to obtain a discharge in bankruptcy" and that Congress has sole authority on determining the extent of *in forma pauperis* relief.  *Id.* at 446, 450.

Hubel also cites a case arising in the Bankruptcy Court for the Western District of Tennessee, for the proposition that courts have the authority to waive such filing fees in cases of indigence.  *In re Clark*, 173 B.R. 142 (Bankr. W.D. Tenn.)(1994).  However, this represents a misstatement of *Clark*.  In fact, the waiver of filing fees granted in that case arose out of a unique legislative experiment.

In 1993, Congress approved a pilot program that allowed for Chapter 7 fee waivers for the indigent.  The program was limited to only six districts nationwide (including the Western District of Tennessee, but excluding the Northern District of New York), and the program expired after three years.  *Clark* arose in a district in which the pilot program was operational.  For better or for worse, after the pilot program expired in 1997, Congressional efforts to make the program permanent were stalled for many years, and no further *in forma pauperis* filings were allowed until the 2005 Act took effect.

As noted above, prior to the 2005 Act, the courts were precluded from waiving Chapter 7 filing fees for debtors.  In fact, in 2000, three years after the expiration of the pilot

3

program and before the new amendments, Judge David S. Kennedy, Chief United States Bankruptcy Judge for the Western District of Tennessee, who authored the *Clark* decision, had occasion to consider another case in which a debtor requested *in forma pauperis relief*.  *See In re Taylor*, 252 B.R. 709 (Bankr. W.D. Tenn.) (2000).  In denying the application, Judge Kennedy noted that "this court does not have the statutory authority under the current law to waive the chapter 7 case filing fee required by 28 U.S.C. 1930(a)(1) for indigent individuals."  *Id*. at 711.

The petitioner has clearly made great efforts "to get [his] financial affairs in order prior to [his] release date," and these efforts are commendable.  The 2005 Act undoubtedly created more stringent requirements for debtors seeking discharge, yet it simultaneously eased the burden on indigent debtors by allowing *in forma pauperis* filings.  Despite the difficulties of refiling, Hubel must take the good with the bad.  The Court notes that Judge Littlefield did not dismiss Hubel's petition, but rather ordered his case stricken.  As such, the instant filing does not implicate the eight-year bar for prior Chapter 7 discharges, and given the fact that the eight-year period has run on Hubel's 1999 discharge, he is now free to file a new Chapter 7 petition.

For the foregoing reasons, the Bankruptcy Court's order is AFFIRMED.

Dated at Burlington, Vermont this 12th day of October, 2007.


                                        /s/ William K. Sessions III[1]
                                        William K. Sessions III
                                        United States District Court

---

[1] Sitting by designation in the Northern District of New York.